UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TERRY MILLER,                         )<br>      *Petitioner*,                    )<br>                                      )<br>v.                                         )<br>                                      )<br>WARDEN,                          )<br>      *Respondent*.                   ) | CASE NO. 3:24-cv-01500 (KAD)<br><br><br><br><br>JANUARY 14, 2025 |

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

ORDER denying [1] Petition for Writ of Habeas Corpus. Petitioner files the instant petition pursuant to 28 U.S.C. § 2241, seeking placement in prerelease custody based on application of time credits she argues that she should have earned under the First Step Act ("FSA"), and through operation of the Second Chance Act ("SCA"). *See* Pet., ECF No. 1 at 2. Respondents argue the Petition should be denied. *See* Resp't Response ("Resp."), ECF No. 11. Petitioner did not file a reply. For the reasons that follow, the Petition is DENIED.

Under the FSA, an eligible inmate in Bureau of Prisons ("BOP") custody who successfully participates in Evidence-Based Recidivism Reduction ("EBRR") Programs or Productive Activities ("PAs") will earn time credits to be applied toward transfer to prerelease custody. *See* 18 U.S.C. §§ 3632(d)(4)(A), (C). Title 28 of the Code of Federal Regulations, Section 523.41(c)(4) sets out specific situations in which otherwise eligible inmates will "generally not be considered to be 'successfully participating' in EBRR Programs or PAs." These include when an inmate is "Opting out," defined as "choosing not to participate in the EBRR programs or PAs that the Bureau has recommended based on the inmate's individualized risk and needs assessment." 28 C.F.R. § 523.41(c)(4)(v). Although an inmate may accumulate time credits each month, she is only "eligible" to have those credits applied to her sentence when she has "earned time credits under the risk and needs assessment system... in an amount that is equal to the remainder of the prisoner's

imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A). Petitioner claims she was improperly disallowed FSA credits (1) during a period in which the BOP considered her to be "opting out" of the Inmate Financial Responsibility Program ("FRP") and (2) during a period in which the BOP considered her to have "declined" participation in the FSA-eligible program "Houses of Healing." Pet., ECF No. 1 at 3-4, 7, 13-15.

As part of the FRP, inmates who have financial obligations are required to make certain minimum payments toward meeting those obligations. *See* 28 C.F.R. §§ 545.11. Petitioner contends that she was "not able to afford $25 monthly or quarterly." Pet. at 3. However, in assessing Petitioner's required payments, BOP officials considered both the applicable regulations and the financial disclosures on Petitioner's Presentence Investigation Report, and initially determined that $25.00 per quarter, "ordinarily, the minimum payment," was appropriate. 28 C.F.R. § 545.11(b)(1); Resp. at 9, n. 9.

Respondent submits evidence showing that Petitioner's failure to participate in the FRP from September 9, 2022, until June 14, 2023, was appropriately considered "Opting-out" under 28 C.F.R.§§ 523.41(c)(4)(v) & (5)(iii). *See* Resp't Ex. 2, Breece Decl. ("Breece Decl."), ECF No. 11-2 at ¶¶ 20-26; Resp't Ex. D, FSA Approved Programs Guide, ECF No. 11-6 at 7 (listing FRP participation as approved PA); Resp't Ex. F, Initial Classification, Sept. 9, 2022, ECF No. 11-8 (showing Petitioner refused FRP contract); Resp't Ex. G, Program Review, Feb. 27, 2023, ECF No. 11-9 (showing Petitioner agreed to subsequent FRP Payment Plan); Resp't Ex. H, Inmate Transactions, ECF No. 11-10 (showing that petitioner failed to comply with her agreed upon plan by not maintaining sufficient funds in her inmate account to complete FRP payments for March, April, or May, 2023); Resp't Ex. I, Program Review, Aug. 22, 2023, ECF No. 11-11 (showing Petitioner as participating in the FRP as of June 14, 2023). Thus, the BOP properly suspended

Petitioner's accrual of FSA credits during that period. *See Cicchiello v. Peters*, No. 1:23-CV-1406, 2024 WL 1258665, at *2 (M.D. Pa. Mar. 25, 2024) (Petitioner was properly disallowed FSA credits for period in which she refused to participate in FRP); *see also* 18 U.S.C. § 3632(d) ("The System shall provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs").

With respect to Petitioner's contention that she should not have been in an "opt-out" status for refusing the "Houses of Healing" program, Respondent concedes that Petitioner is correct. Respondent submits evidence showing the BOP conceded Petitioner should have been credited for the Houses of Healing program and that her FSA credits were subsequently recalculated and are now correct. *See* Response at 11; Breece Decl. at ¶ 19, n. 2. Thus, Petitioner's claim regarding her FSA credits for the Houses of Healing program is moot. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

Accordingly, Respondent has substantiated that (1) Petitioner's FSA credits are being properly tracked and calculated to include the Houses of Healing program credits; (2) Petitioner appropriately did not receive FSA time credits while not "successfully participating" in EBRR Programs or PAs ("Opting out") between September 9, 2022 and June 14, 2023; and (3) Petitioner had 265 FSA credits as of November 19, 2024. Resp. at 3-11; Breece Decl. at ¶¶ 18-31; Resp't Ex. E, FSA Time Credit Assessment, ECF No. 11-7. Petitioner's statutory release date is July 5, 2026, more than 265 days away. Resp't Ex. B, Sentence Monitoring Computation Data, ECF No. 11-4. As Petitioner has not yet earned enough FSA credits to have them applied to her sentence, the Court denies Petitioner's request for immediate designation to prerelease custody based on application of her FSA time credits.

Petitioner's request for a Court order requiring the BOP to place her in prerelease custody pursuant to the SCA is also denied. The SCA allows the BOP, in its discretion, to place inmates in prerelease custody in a residential reentry center or on home confinement during the final months of their term of imprisonment, to adjust to and prepare for reentry into the community. *See* 18 U.S.C. § 3624(c)(1). Petitioner has already received a review under the SCA for discretionary prerelease placement and is scheduled to be transferred to an RRC on January 23, 2025. Breece Decl. at ¶ 34. As prerelease custody "placement under the SCA is within the sole discretion of BOP[,]" Petitioner has no right to relief from this Court under the SCA. *Fall v. Stover*, No. 3:24-CV-1176 (OAW), 2024 WL 4564605, at *2 (D. Conn. Oct. 24, 2024); *Fournier v. Zickefoose*, 620 F. Supp. 2d 313, 318 (D. Conn. 2009) ("the BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed in an RRC." (internal quotation marks omitted)).

For all of the foregoing reasons, the Petition is DENIED. The Clerk of the Court is directed to enter judgment for Respondent and close this case. Any appeal from this judgment would not be taken in good faith.

**SO ORDERED** at Bridgeport, Connecticut, this 14th day of January 2025.

        */s/ Kari A. Dooley*
        KARI A. DOOLEY
        UNITED STATES DISTRICT JUDGE